1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME ELI MCCOY,                        No.  2:19-cv-1092 AC

12                 Plaintiff,

13        v.                                  ORDER

14   SACRAMENTO JAIL MENTAL
     HEALTH SERVICES,
15
                  Defendant.
16

17

18        Plaintiff is a former Sacramento County detainee and current state prisoner who proceeds

19   pro se and in forma pauperis, and seeks relief pursuant to 42 U.S.C. § 1983.  The Second

20   Amended Complaint, ECF No. 15, is before the court for screening.

21        I.        Statutory Screening of Prisoner Complaints

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

26   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

27        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

2

1

II.      Second Amended Complaint

2         Plaintiff brings a single claim for constitutionally deficient mental health care against

3    Sacramento County Jail employees Andrea Javist and H. Greenwood.  ECF No. 7.  The Second

4    Amended Complaint (SAC) alleges as follows.  Plaintiff was a pretrial detainee at the jail, and he

5    had been prescribed unspecified psychiatric medication.  Defendant Javist, who oversees the jail's

6    Mental Health Department, instructed the licensed vocational nurses on third shift not to give

7    plaintiff his medication for a thirty-day period.[1]  Javist was aware of plaintiff's serious mental

8    health need but thought he was "too fat and lazy to get up and get his medication."  Because he

9    was denied medication, plaintiff became deeply depressed and suicidal; he cut himself and

10   smashed his head into his bunk post.

11        H. Greenwood covered up the conduct of the LVNs and Mental Health Department after

12   plaintiff filed a grievance against Javist.  Plaintiff's grievances were not processed or responded

13   to and plaintiff was retaliated against in unspecified ways.

14

III.     Claims for Which a Response Will Be Required

15        Plaintiff has adequately alleged a Fourteenth Amendment deliberate indifference claim

16   against Andrea Javist, see Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018)

17   (explaining objective deliberate indifference standard applicable to claims of pretrial detainees),

18   and she will be required to answer the complaint.

19

IV.      Failure to State a Claim

20        Plaintiff's allegations against H. Greenwood do not support liability for the allegedly

21   deficient mental health care, because this defendant is not alleged to have participated in or

22   otherwise caused the thirty-day denial of medication.  See Johnson v. Duffy, 588 F.2d 740, 743

23   (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right within the

24   meaning of § 1983 if he does an act, participates in another's act, or omits to perform an act he is

25   legally required to do that causes the alleged deprivation).

26

27   [1]  Although the SAC does not specify the dates at issue, the First Amended Complaint stated that
plaintiff did not receive his medication from February 6, 2019 to March 5, 2019.  ECF No. 12 at
28   9.

1    The allegations are also insufficient to support any other claim against Greenwood.  It is

2    unclear what actions Greenwood took to "cover up" the alleged misconduct, but plaintiff is

3    informed that the denial or failure to process grievances, even if wrongful, does not violate the

4    constitution and therefore does not support a § 1983 claim.  See Ramirez v. Galaza, 334 F.3d 850,

5    860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Officials who respond

6    to a grievance regarding a completed wrong are not liable for that wrong.  See George v. Smith,

7    507 F.3d 605, 609 (7th Cir. 2007) (ruling against a prisoner on an administrative complaint about

8    a completed injury does not cause or contribute to the violation).  And if plaintiff wishes to assert

9    a First Amendment claim of retaliation for exercising his right to file grievances, he must specify

10   what retaliatory actions were taken, by whom, and the facts showing that the adverse actions were

11   taken with intent to punish him for the grievances.  See Rhodes v. Robinson, 408 F.3d 559, 567-

12   68 (9th Cir. 2005).

13   V.    Leave to Amend

14   For the reasons set forth above, the court finds that the complaint does not state a

15   cognizable claim against H. Greenwood.  However, plaintiff may be able to allege facts to

16   remedy this and so he will be given the opportunity to amend the complaint if he desires.

17   Plaintiff may proceed forthwith to serve defendant Andrea Javist on his claim that she was

18   deliberately indifferent to his serious mental health needs, or he may delay serving any defendant

19   and amend the complaint.

20   Plaintiff will be required to complete and return the attached notice advising the court how

21   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

22   file an amended complaint.  If plaintiff elects to proceed on his claims against defendant Javist

23   without amending the complaint, the court will proceed to serve the complaint.  A decision to go

24   forward without amending the complaint will be considered a voluntarily dismissal without

25   prejudice of defendant H. Greenwood.

26   If plaintiff chooses to file a third amended complaint, he must demonstrate how the

27   conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

28   v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

4

1   each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

2   Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

3   or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

4   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

5   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

6   268 (9th Cir. 1982) (citations omitted).

7        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

8   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

9   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

10  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

11  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

12  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

13  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

14  previously-filed complaints no longer serve any function in the case.  Therefore, in an amended

15  complaint, as in an original complaint, each claim and the involvement of each defendant must be

16  sufficiently alleged.

17        VI.    Plain Language Summary of this Order for a Pro Se Litigant

18        Your allegations state a claim against Andrea Javist for deliberate indifference to your

19  mental health needs, and the court will require her to respond to the Second Amended Complaint.

20  However, your allegations do not state a claim against H. Greenwood.  This defendant cannot be

21  sued for deliberate indifference to your mental health needs unless he or she was personally

22  responsible in some way for denying your medication.  Denying or interfering with your

23  grievances after the fact does not support a claim.

24        A retaliation claim requires different facts altogether: you must explain what adverse

25  actions were taken against you, and how you know that they were intended to punish you for

26  filing a grievance against Javist.  The court cannot tell whether you are trying to say that

27  Greenwood personally retaliated against you.  But Greenwood can only be sued for his or her

28  own violation of your rights, not for Javist's interference with your access to medication.

5

1       **You have a choice to make**.  You may either (1) proceed immediately on your deliberate

2  indifference claim against Javist and voluntarily dismiss Greenwood, or (2) try to amend the

3  complaint again to also state a claim against Greenwood.  If you want to go forward without

4  amending the complaint again, you will be voluntarily dismissing without prejudice your claims

5  against Greenwood.  If you choose to amend your complaint, Javist will not be served until after

6  the Third Amended Complaint is filed and screened.

7       A Third Amended Complaint must include all of the claims you want to make, including

8  the ones that have already been found to state a claim, because the court will not look at the

9  claims or information in the original complaint.  **Any claims not in the Third Amended**

10 **Complaint will not be considered.**  You must complete the attached notification showing what

11 you want to do and return it to the court.  Once the court receives the notice, it will issue an order

12 telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be

13 served).

14                                          CONCLUSION

15      In accordance with the above, IT IS HEREBY ORDERED that:

16      1.  The court has screened the Second Amended Complaint, ECF No. 15, and finds that it

17 states a cognizable claim against Andrea Javist under the Fourteenth Amendment for deliberate

18 indifference to plaintiff's mental health needs.

19      2.  Plaintiff's allegations against H. Greenwood does not state any claim for which relief

20 can be granted.

21      3.  Plaintiff has the option to proceed immediately on his Fourteenth Amendment

22 deliberate indifference claim against defendant Javist, or to amend the complaint.

23      4.  Within fourteen days of service of this order, plaintiff shall complete and return the

24 attached form notifying the court whether he wants to proceed on the screened complaint or

25 whether he wants to file a third amended complaint.  If plaintiff does not return the form, the

26 ////

27 ////

28 ////

1    court will assume that he is choosing to proceed on the second amended complaint as screened

2    and will recommend dismissal without prejudice of defendant H. Greenwood.

3    DATED: July 29, 2021

4

5    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEROME ELI MCCOY,                        No.  2:19-cv-1092 AC

12                    Plaintiff,

13          v.                                 PLAINTIFF'S NOTICE ON HOW TO
                                               PROCEED
14    SACRAMENTO JAIL MENTAL
      HEALTH SERVICES,
15
                      Defendant.
16

17          Check one:

18    _____ Plaintiff wants to proceed immediately on his Fourteenth Amendment deliberate

19    indifference claim against defendant Andrea Javist without amending the complaint.

20    Plaintiff understands that by going forward without amending the complaint he is

21    voluntarily dismissing without prejudice his claims against defendant H. Greenwood.

22    _____ Plaintiff wants to amend the complaint.

23

24    DATED:_____

25
                                       _____
26                                     JEROME ELI MCCOY
                                       Plaintiff pro se
27

28
                                             1